IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORVELL CALDWELL,
No. M17961,

Petitioner,

vs.                                                        Case No. 14-cv-00112-DRH

WARDEN ZACHARY ROECKEMAN,[1]

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Corvell Caldwell is in the custody of the Illinois Department of Corrections, currently incarcerated in Big Muddy River Correctional Center. Caldwell has filed a petition pursuant to 28 U.S.C. § 2241 challenging his 2010 conviction in McLean County, Illinois, for criminal sexual assault, for which he received a 14-year prison sentence. Petitioner challenges his conviction, arguing that the burden of proof was improperly shifted from the State to him, thereby denying him a fair trial in violation of the Fourteenth Amendment. In addition, the Court construes the petition as also challenging the sufficiency of the evidence under the Fourteenth Amendment's Due Process Clause. To a certain extent, the issues overlap.

---

[1] Petitioner names "Warden" as the respondent. In accord with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and Federal Rule of Civil Procedure 25(d), the Court specifically substitutes Zachary Roeckeman, the warden of Big Muddy River Correctional Center where Caldwell is housed, as the respondent to this petition.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241.

As a preliminary matter, the Court questions whether Section 2241 is the correct vehicle in terms of subject matter jurisdiction. Caldwell filed a direct appeal, *People v. Caldwell*, No. 4-11-0561(Ill. App. 4th Dist. 2013), and his motion for leave to appeal was denied by the Supreme Court of Illinois on May 29, 2013 (No. 115846). On January 31, 2014, Caldwell filed his petition pursuant to 28 U.S.C. § 2241. He indicates that he has never filed a petition under 28 U.S.C. § 2254, and it appears to the Court that this is Caldwell's only federal collateral attack on his sentence.

Regardless of the label, "Section 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002) (citing *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)). More specifically, Section 2254 is the vehicle for asserting challenges to state custody based upon violations of the United States

Constitution, which is what Caldwell is attempting. Under the detailed analysis offered in *Walker v. O'Brien* regarding the difference between 28 U.S.C. § 2255 (relative to federal prisoners) and Section 2254 (relative to state prisoners), the Court can take the unusual step of *sua sponte* re-characterizing the petition as being brought pursuant to Section 2254. *See, e.g., Bailey v. Anglin*, 2013 WL 6247441 (C.D. Ill. Dec. 2, 2013).

Having clarified the proper respondent and the proper jurisdictional vehicle, the Court must next look at the adequacy of the petition itself. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part that the petition specify all the grounds for relief, along with the facts supporting each ground, and the relief sought. This is a modestly higher standard than the "notice" pleading required under Federal Rule of Civil Procedure 8(a). Nevertheless, given that Caldwell is proceeding *pro se*, the petition as a whole, including the attached appellate brief, contain sufficient detail to describe grounds for relief that are within the power of a federal court to address. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004). Of course, a cognizable claim is not necessarily a meritorious claim. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1145 (7th Cir. 2009).

Petitioner indicates that he has exhausted his state court remedies—an assertion the Court must accept at this juncture; furthermore, he appears to have filed his petition in a timely manner. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary

review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent Roeckeman shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before March 31, 2014).[2] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to

---

[2] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

Petitioner's motion for recruitment of counsel (Doc. 3) is **DENIED** at this time as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

The Clerk of Court is directed to have the record reflect that the respondent is **WARDEN ZACHARY ROECKEMAN**, and that **28 U.S.C. § 2254** is the proper nature of suit.

**IT IS SO ORDERED.**

**Signed this 27th day of February, 2014.**

Digitally signed by David R. Herndon
Date: 2014.02.27 08:48:23 -06'00'

**Chief Judge**
**United States District Court**