IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CORVELL CALDWELL,**

        Petitioner,

vs.                                        Civil No. **14-cv-112-DRH-CJP**

**JASON C. GARNETT,**

        Respondent.

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

In 2010, a jury in McLean County, Illinois, convicted Corvell Caldwell of one count of criminal sexual assault. He was sentenced to 14 years imprisonment. Caldwell filed a petition for habeas relief pursuant to 28 U.S.C. §2254, Doc. 1.[1] As construed on preliminary review, Doc. 6, the petition raises the following grounds:

1. The state's closing and rebuttal arguments improperly shifted the burden of proof from the state to petitioner, thereby denying him a fair trial in violation of the Fourteenth Amendment.

2. The evidence was insufficient to convict petitioner, violating the Fourteenth Amendment's Due Process Clause.

Respondent argues that both grounds are procedurally defaulted.

<u>**Relevant Facts and Procedural History**</u>

**1. Facts**

The state court's factual findings are presumed to be correct unless

---

[1] Petitioner prepared his petition using a form for a petition under 28 U.S.C. §2241. However, on preliminary review, the petition was re-characterized as a petition under Section 2254. See, Doc. 6, pp. 2-3.

rebutted by clear and convincing evidence, which petitioner has not done. 28 U.S.C. §2254(e).

According to the description by the Illinois Appellate Court, Fourth District, in its Rule 23 Order affirming on direct appeal, the victim, Brian S., was a student at Illinois State University. Brian went out drinking with friends in several bars in downtown Bloomington, Illinois, on the evening of the crime. Brian became separated from his friends and began walking home. Petitioner, who did not know Brian, offered him a ride back to campus. Instead of taking him back to campus, petitioner convinced Brian to go to a strip club, where Brian drank a shot of whiskey. The two men got back in the car, and Brian passed out. When he awoke, he was still in the passenger's seat. Petitioner was outside the passenger side door, performing oral sex on Brian. Petitioner also testified. He admitted giving Brian a ride and going to the strip club. He testified that, while he was driving back to Bloomington from the club, the victim placed petitioner's hand on his crotch. Petitioner denied placing his mouth on the victim's penis. See, *People v. Caldwell*, Order on Direct Appeal, Doc. 15, Ex. 1.[2]

## 2. State Court Proceedings

Petitioner filed a post-trial motion in which he raised, among other points, a claim that the state filed to prove him guilty beyond a reasonable doubt. Doc. 15, Ex. 7, p. 69.

---

[2] For clarity of reference, the Court uses the exhibit and page numbers assigned by the CM/ECF system.

Caldwell raised two claims on direct appeal: (1) the state's closing and rebuttal arguments improperly shifted the burden of proof to petitioner; and (2) a $5.00 State Police OP Assistance fee was improperly imposed. See, Defendant's Brief on Direct Appeal, Doc. 15, Ex. 2.

Caldwell filed a pro se petition for leave to appeal to the Supreme Court of Illinois asking the Supreme Court "to review all points of the Appellate Court." Doc. 15, Ex. 6. The Supreme Court denied leave to appeal on May 29, 2013. Doc. 15, Ex. 5.

Petitioner did not file a state postconviction petition. His federal habeas petition was filed approximately eight months after the Supreme Court of Illinois denied his petition for leave to appeal.

## Law Applicable to §2254 Petition

**1.    Substantive Law**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases. " *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct. 1495, (2000). A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1). *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003). The unreasonable application standard is "a difficult standard to meet." *Id.*, at 662. Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." *Id.*, at 662 (internal citation omitted).

2.   **Timeliness, Exhaustion and Procedural Default**

Respondent concedes that the petition was timely filed and that petitioner has exhausted state remedies. Doc. 14, p. 3.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore,* 730 F.3d 685, 694-696 (7th Cir. 2013).

Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999); see also 28 U.S.C. §2254(c).  Under the Illinois two-tiered appeals process, petitioners such as Caldwell must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one.  *Id.* at 1732-1733.

### Analysis

1. **Ground One**

Petitioner's first ground is defaulted because it was disposed of by the Appellate Court on the independent and adequate ground of waiver.  The Appellate court noted that petitioner acknowledged that he had not objected at trial that the state's argument improperly shifted the burden of proof to him, and had not raised the issue in his posttrial motion.  The Appellate Court cited *People v. Enoch*, 522 N.E.2d 1124, 1130 (Ill. 1988) for the point that "the presence of both a trial objection and a written posttrial motion raising the issue are necessary to preserve an issue for appeal." Doc. 15, Ex. 1, p. 9.

"When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Richardson v.*

*Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). The Seventh Circuit has held that the Illinois waiver rule applied by the state court here is an independent and adequate state rule. See, *Smith v. McKee*, 598 F.3d 374, 386 (7th Cir. 2010); *Richardson v. Lemke*, 745 F.3d 258, 271-72 (7th Cir. 2014). Therefore, petitioner's first ground cannot be considered here.

2. **Ground Two**

The second ground (sufficiency of the evidence) is procedurally defaulted because it was not raised for one full round of state court review. Sufficiency of the evidence was raised in the posttrial motion, but it was not raised on direct appeal. Therefore, the argument cannot be considered here. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013).

3. **Cause and Prejudice; Actual Innocence**

Procedural default can be overcome by a showing of cause and prejudice. Petitioner must establish cause for his default and prejudice, or that failure to consider the claim would likely result in a miscarriage of justice. *Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991).

Caldwell has not made any attempt to show cause for his default or that failure to consider his arguments would result in a miscarriage of justice. This Court cannot make the cause and prejudice argument for him. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014).

Lastly, petitioner has not made a claim of actual innocence sufficient to overcome his procedural default. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel, Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's rulings on procedural default were correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Corvell Caldwell's petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**.  This cause of action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 16th day of September, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.09.16
14:04:13 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.